UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES E. BAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  3:06-CV-306 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| FAIRFIELD RESORTS, INC. and | ) | |
| CENDANT TIMESHARE RESORT | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This employment discrimination case is before the Court on the Rule 12(b)(6) Motion to Dismiss Plaintiff's Tennessee Human Rights Act Claims [Doc. 7] filed on behalf of defendant Fairfield Resorts, Inc. ("Fairfield"), and the Rule 12(b)(6) Motion to Dismiss Plaintiff's Tennessee Human Rights Act Claims [Doc. 14] filed on behalf of defendant Wyndham Vacation Ownership, Inc., formerly known as Cendant Timeshare Resort Group, Inc ("WVO").  Fairfield and WVO both assert that plaintiff's Tennessee Human Rights Act claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  No response or opposition to the pending motion has been filed and the time for doing so has passed.  *See* L.R. 7.1(a), 7.2.  The Court has carefully considered the motions, as well as the entire record, in light of the applicable law.  For the reasons set forth herein, Fairfield's motion to dismiss [Doc. 7] and WVO's motion to dismiss [Doc. 14] will be **GRANTED**.

## I. Introduction

Plaintiff began working for Fairfield in 1982, and remained employed at Fairfield until his resignation on June 17, 2005. [Doc. 3 at ¶¶ 8, 14]. Fairfield was acquired by WVO in approximately late 2001 or early 2002. [Doc. 3 at ¶ 10]. Plaintiff alleges that soon after WVO's acquisition of Fairfield, he began to notice a trend of older, experienced Fairfield employees being replaced by much younger, inexperienced employees. [*Id.*]. Additionally, plaintiff claims that he was passed over for promotion in favor of younger, less experienced individuals, that his work load was increased without any corresponding increase in his support staff, and that projects were reassigned from plaintiff to younger, less experienced employees. [Doc. 3 at ¶¶ 11-13]. Plaintiff claims that Fairfield and WVO intentionally created a hostile work environment in an effort to force plaintiff to resign. [Doc. 3 at ¶ 14]. Finally, on or about June 17, 2005, plaintiff claims that he was told he would have to relocate to Florida or lose his job, at which point he was constructively terminated and forced to resign in violation of state and federal law. [Doc. 3 at ¶¶ 14, 19]. At the time of his resignation, plaintiff was one week short of his fifty-third birthday. [Doc. 3 at ¶ 15].

On September 5, 2005, plaintiff timely filed a charge of discrimination against defendants with the Equal Employment Opportunity Commission ("EEOC") and the Tennessee Human Rights Commission ("THRC").[1] [Doc. 3 at ¶ 20]. On August 16, 2006, plaintiff filed suit pursuant to 29 U.S.C. § 623(a)(1) of the Age Discrimination in Employment Act ("ADEA") and Tenn. Code Ann. § 4-21-311 of the Tennessee Human Rights Act ("THRA") against his former employers, Fairfield and WVO. [Doc. 3 at ¶ 19].

On October 2, 2006, Fairfield filed an answer to plaintiff's complaint, denying his allegations of harassment, discrimination, and other claims. On October 20, 2006, Fairfield and WVO filed an amended answer, denying plaintiff's allegations of harassment, discrimination, and other claims. Fairfield also filed its motion to dismiss [Doc. 7] on October 2, 2006. WVO filed its motion to dismiss [Doc. 14] on October 20, 2006. Defendants assert that plaintiff's THRA claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). According to defendants, plaintiff's THRA claims should be dismissed because they are barred by the applicable statute of limitations.

---

[1] Defendants attached to their motions for dismissal copies of Charge of Discrimination filed with the EEOC on September 5, 2005, and the Dismissal and Notice of Rights issued to plaintiff by the EEOC on May 17, 2006. [Doc. 8, Exhibits A-B]. Defendants state that they attached the documents because plaintiff failed to attach copies of the documents to his complaint. Because plaintiff's complaint contains all of the information necessary for the resolution of the instant motions, specifically, the date of plaintiff's alleged constructive termination, the additional documents provided by defendants are superfluous, and, pursuant to Fed. R. Civ. P. 12(c), will not be considered.

## II. Analysis

### A. Standard of Review

Defendants file their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### B. Plaintiff's Claims Relating To The THRA

Defendants maintain that plaintiff's claims relating to the THRA are barred by the one year statute of limitations applicable to that cause of action. *See* Tenn. Code Ann. § 4-21-311. Plaintiff was discharged from employment with defendants on June 17, 2005. He filed suit against defendants on August 16, 2006. Based upon these dates, defendants contend that plaintiff's THRA claim is time barred.

4

Further, defendants argue that plaintiff's THRA claims is not tolled by the fact that he timely filed a charge of discrimination with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission. In support of this position, they cite *Puckett v Tennessee Eastman Co.*, 889 F.2d 1481, 1483-85 (6th Cir. 1989), holding that the THRA's one year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRC or the EEOC.

The Court notes that the THRA was amended in 1992, three years after *Puckett*, to include a legislatively imposed statute of limitations accruing "one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311. Since that change, courts have continued to hold that a THRA claim brought more than one year after the alleged discriminatory practice ceases is time barred and that the pendency of administrative charges does not toll the limitations period. *Burnett v. Tyco Corp.*, 932 F.Supp. 1039, 1044 (W.D. Tenn. 1996).

Plaintiff resigned on or about June 17, 2005. Plaintiff filed his THRA claim before the Court on August 16, 2006, approximately fourteen months after the alleged discriminatory practices ceased. The Court agrees with defendants that, based upon the authority of *Burnett* and *Puckett*, plaintiff's claims relating to the THRA are barred by the applicable one year statute of limitations. Therefore, plaintiff's claims relating to the THRA will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and defendants' motions to dismiss will be granted.

5

### III. Conclusion

For the reasons stated herein, Fairfield's motion to dismiss [Doc. 7] and WVO's motion to dismiss [Doc. 14] will be **GRANTED** such that plaintiff's claims relating to the THRA will be dismissed. Therefore, this case will proceed toward trial on plaintiff's claim under the ADA against defendants Fairfield and WVO.

Order accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE